THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD MATTIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 16, 1974, convicting him of sexual abuse in the third degree, the second count of a three-count indictment, after a nonjury trial, and sentencing him to a conditional discharge. The other two counts were dismissed by the trial court. Judgment reversed, on the law and the facts, and second count of the indictment dismissed. The indictment charged defendant with the crimes of rape in the third degree, sexual abuse in the third degree and sexual misconduct. At the close of the trial, the Trial Justice (a jury having been waived) dismissed the first count (rape) and the third count (sexual misconduct) on the ground that "there wasn't sufficient corroboration to convict this defendant" of those counts. However, he found defendant guilty of the second count (sexual abuse in the third degree), despite the fact that the complaining witness had specifically and unequivocally testified to a completed rape. The testimony in that regard in part is as follows: " Q Then what did he do? A And then he put his penis, he stuck in his penis. Q Where? A In my vagina. Q Did he lay on top of you? A Yes. Q Was that when you felt his penis? A Yes. * * * Q Well, when he was lying on top of you, what was he doing? A Moving. Q And he was moving how? A In a — up and down. Q All right. And when he was moving up and down, could you feel his penis go in and out of your vagina? A Yes." Apparently realizing that " a conviction for sexual abuse in the third degree may not stand if the only proof to support it is the uncorroborated testimony of the victim that a rape was committed" (*People* v. *Doyle*, 31 A D 2d 490, 499, affd. 26 N Y 2d 752), the court declared that it did not believe the testimony of the complainant that there had in fact been a rape. The governing statute then in effect (Penal Law, § 130.15, subd. 3) prohibited a conviction of sexual abuse in the third degree if the "testimony of the

alleged victim " is to the effect that there has been a completed rape. The statute did not say " the testimony of the alleged victim, *if believed* ". Under the circumstances, the complaining witness having testified to a completed rape, which concededly was not corroborated by other proof, the charge of sexual abuse in the third degree of which defendant was found guilty may not stand. The judgment of conviction should therefore be reversed and the second count of the indictment dismissed. Martuscello, Benjamin and Shapiro, JJ., concur; Hopkins, Acting P. J. and Brennan, J., dissent and vote to affirm.